IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02672-WYD-MEH

JOSEPH RAMEY,

    Plaintiff,

v.

BOULDER COUNTY OF THE STATE OF COLORADO,

    Defendant.

**ORDER ON MOTION TO DISMISS AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT**

Before the Court is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [filed November 23, 2010; docket #10]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter has been referred to this Court for recommendation. The motion is fully briefed,[1] and oral argument would not materially assist the Court in its adjudication. For the following reasons, the Court **denies** the Defendants' motion **without prejudice** and directs the Plaintiff to file an Amended Complaint within thirty (30) days of this Order.

Plaintiff, proceeding *pro se*, initiated this action on November 2, 2010 by filing a complaint against Defendant Boulder County of the State of Colorado ("Boulder County") challenging the constitutionality of certain Colorado statutes that allow the suspension of driver's licenses for non-payment of child support and alleging civil rights violations by persons employed by the Boulder County Child Support Enforcement Unit (BCCSEU), the Boulder County Attorney's Office

---

[1] Although provided the opportunity to do so, the Defendant did not file a reply brief in support of its motion.

(including Pat Mayne), the Boulder County courts, the Boulder County Department of Social Service and the Boulder County Commissioner's Office. Plaintiff asks this Court to strike the alleged unconstitutional statutes, rules and regulations, and seeks monetary relief for the civil rights violations in the amount of $25,000,000.00.

In response to the Complaint, Defendant filed the present motion to dismiss arguing that Plaintiff's tort claims are barred by the statute of limitations, that Boulder County is not the proper party for any claims concerning actions taken in the course of child support enforcement, that Plaintiff has no standing to assert claims challenging the constitutionality of the driver's license suspension since he has no pending case with the BCCSEU, and that *res judicata* precludes adjudication in this Court of any claims previously adjudicated in Boulder County District Court case number 06CV979.

The Defendant makes these arguments without identifying any legal support in contravention of D.C. Colo. LCivR 7.1C. Therefore, the motion will be **denied without prejudice**.

However, the Court agrees to some extent with the Defendant that Boulder County is not the proper party for all of the Plaintiff's claims. In this instance, the Court finds it necessary to exercise its discretionary authority in its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Therefore, pursuant to Fed. R. Civ. P. 8 and 15, the Court will direct the Plaintiff to file an Amended Complaint to cure the procedural deficiencies noted in this Order.[2]

---

[2] In this jurisdiction, the court typically does not dismiss a claim for failure to state the claim until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Hall v. Bellmon,* 935 F.2d 1106, 1109-10 (10th Cir. 1991). The Court may only dismiss a claim "*sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." *Id.* (quoting *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991)).

The Federal Rules of Civil Procedure require that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communs. Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Here, Plaintiff is correct that, to the extent he seeks relief under 42 U.S.C. § 1983 from municipal (county) entities themselves as set forth in the Complaint, he must assert such claims directly against the County. *See Stump v. Gates*, 777 F. Supp. 808, 815 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993) ("the coroner's office is merely a department of county government organized to perform one aspect of the county's governmental functions, not a separate governmental unit existing independently of [the] County itself."). However, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a municipal policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The Plaintiff cannot

state a claim for relief against Boulder County under Section 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Moreover, to the extent he seeks relief for alleged unconstitutional conduct by individuals employed by the County, the Plaintiff must name specific defendants in the caption who are responsible for the alleged constitutional deprivations and demonstrate in the text of the complaint how each named defendant personally participated in the asserted claims. *See id.* Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the Plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In essence, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that within thirty (30) days from the date of this Order, the Plaintiff file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of the Court-approved form used for filing a ***pro se*** Complaint. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended

Complaint, as directed, the Court may recommend that Plaintiff's claims be dismissed for failure to prosecute and failure to comply with this Order.

To the extent that Plaintiff names additional Defendants in the amended pleading, he must comply with all federal and local rules concerning service of process of the Amended Complaint. In addition, Defendant Boulder County, to the extent it is named as a Defendant in the amended pleading, must comply with Fed. R. Civ. P. 15 in responding to the Amended Complaint. Nothing in this Order is to be construed as a finding or conclusion as to the merits of the Plaintiff's claims or as to any substantive issues in this case.

Dated at Denver, Colorado, this 14th day of March, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge