IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02672-WYD-MEH

JOSEPH RAMEY,

     Plaintiff,

v.

BOULDER COUNTY OF THE STATE OF COLORADO,
PAT MAYNE,
MARY MYERS,
NANCY SALAZAR, and
KIRBY STONE,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Before the Court is Defendants' Motion to Dismiss [filed May 23, 2011; docket #44]. The motion is referred to this Court for recommendation. (Docket #45.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons that follow and considering the entire record herein, the Court respectfully recommends that Defendants' Motion to Dismiss be **granted**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the

## BACKGROUND

### I.     Statement of Facts

The factual allegations in Plaintiff's complaint are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  The additional information provided to the court by Defendants is considered for jurisdictional analysis under Fed. R. Civ. P. 12(b)(1).  *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

In December of 1998, Plaintiff met with a case manager for the Boulder County Child Support Enforcement Unit ("BCCSEU") for a paternity test.  (Docket #33 at 11.)  In April 2000, a hearing was held in this matter, case no. 99JV337, and a support order was entered.  (*Id.*)  The following day Plaintiff received a bill from the Family Support Registry of Colorado for an arrearage amount of approximately $24,500.00.  (*Id.*)  Sometime in early 2006, Plaintiff filed a motion to correct the classification of his debt, which was denied.  (*Id.* at 12.)  At this time, Plaintiff alleges he became the subject of willful and wanton actions by Mary Myers, Nancy Salazar, and Kirby Stone, employees of BCCSEU.  (*Id.* at 13.)  Such actions included four suspensions of his driver's license, ten notices that his driver's license would be suspended, garnishment of his wages, and refusal to return garnishments, among other things.  (*Id.* at 5, 13.)

In October 2006, Plaintiff brought suit in Boulder County District Court, case no. 06CV979, against the Boulder County Department of Social Services and the Colorado Department of Health and Human Services for inappropriate classification of his child support arrearage debt.  (*Id.* at 16.)  On October 10, 2006, Plaintiff signed a stipulation, provided to him by Boulder County Attorney

---

Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

Pat Mayne, that resulted in case no. 06CV979 being dismissed with prejudice. (*Id.*) The stipulation was a settlement of the amount owing under case no. 99JV337 and, thus, also resulted in the closure of that case because the debt had been repaid. (*See id.*) Plaintiff signed the stipulation to avoid further prosecution by the Boulder County Attorney and BCCSEU. (*Id.*)

Subsequently, Plaintiff filed another lawsuit in Boulder County District Court, case no. 07CV1085, against Mary Myers, Nancy Salazar, and Kirby Stone for tort damages and violations of his civil rights under 42 U.S.C. § 1983, arising from the previously mentioned alleged willful and wanton actions. (*Id.*) These claims were dismissed under the doctrine of res judicata (or claim preclusion). (*Id.* at 17.) In reaching this conclusion, the court also discussed Plaintiff's allegation of duress in signing the stipulation and the existence of privity between the employees and the Colorado Department of Social Services, which was a party in the prior case. (Docket #44-2.) Plaintiff appealed, and the Colorado Court of Appeals affirmed the district court's decision. (Docket #44-3.) Plaintiff applied for a writ of certiorari, but was denied by the Colorado Supreme Court. *Id.*

Plaintiff alleges here that these appeals could not be properly decided because Defendant Mayne purposefully withheld evidence. (Docket #33 at 17.) Plaintiff also alleges that Defendant Mayne "provide[d] false statements to the court" and "tried to cover it all by a forced signing of a stipulation." (*Id.* at 18.)

## II. Procedural History

Plaintiff, proceeding *pro se*, initiated this action on November 2, 2010. (Docket # 1.) On November 23, 2010, Defendant Boulder County of the State of Colorado ("Boulder County") filed a motion to dismiss Plaintiff's complaint. (Docket #10.) On March, 14, 2011, the Court denied that

motion without prejudice for failure to comply with local rules, and directed the Plaintiff to file an amended complaint within thirty days. (Docket #30.) On April 13, 2011, Plaintiff filed the operative Amended Complaint in which he challenges the constitutionality of the statue that allowed for the suspension of his driver's license for failure to pay child support, and claims that Defendants violated his civil rights in violation of the Fifth and Fourteenth Amendments, that Defendants engaged in fraud on the court, that he signed the stipulation dismissing case no. 06CV979 under duress, and that Defendant Mayne breached his fiduciary duties as Boulder County Attorney. (*See* docket #33.)

On May 23, 2011, Defendants filed the present motion to dismiss. (Docket #44.) Defendants assert that Plaintiff's claims are (1) barred by the *Rooker-Feldman* doctrine, (2) claim precluded, and (3) time-barred by the applicable statutes of limitations. Additionally, Defendants assert that Plaintiff has failed to state a claim for violation of his right to due process because (4) he has already been a party to numerous civil actions regarding his payment of child support, and (5) he has not identified a custom, practice, or policy of Boulder County pursuant to which his rights were violated.

On June 17, 2011, Plaintiff responded to Defendants' motion arguing that (1) the *Rooker-Feldman* doctrine does not apply because the state court ruling was brought about by fraud therefore making it void, (2) claim preclusion does not apply because the subject matter of each case has been different and there is not privity between the parties, (3) he previously has not been able to provide support for his claim of duress, (4) there is no applicable statute of limitations because he is asserting fraud on the court and actions by Defendants fall under the continuing violations doctrine, and (5) he can demonstrate that Boulder County had a custom to defend actions of its employees that work

outside the bounds of their employment.  (Docket #47.)

Defendants filed a reply in support of their motion on July 1, 2011, contending that (1) the *Rooker-Feldman* doctrine applies because an award of damages would call into question the previous state court judgments, (2) Plaintiff fails to meet the heavy burden under Fed. R. Civ. P. 9(b) for alleging fraud on the court, (3) Plaintiff's claims are barred by claim preclusion because they arise out of the same transaction or occurrence and could have been brought in the previous civil actions, (4) Plaintiff's claims are barred by the applicable statutes of limitations because the last possibly relevant event occurred more than two years prior to the filing of this case, and (5) Plaintiff failed to state a claim for violation of his rights by Boulder County in his Amended Complaint and cannot rely on additional factual allegations in his brief to state such a claim.  (Docket #48.)

## LEGAL STANDARDS

### I.  Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking ."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction

is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims. Further, under Rule 12(b)(1), "a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). In such an instance, "a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Id.*

## II.     Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

## III.    Fed. R. Civ. P. 8 and 9(b)

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Iqbal*, 129 S.Ct. at 1950.

For certain claims, such as fraud or misrepresentation, a more stringent standard is mandated. Fed. R. Civ. P. 9(b) requires that "[f]or any claim alleging fraud, the circumstances constituting fraud or mistake must be stated with particularity." *In re Accelr8 Tech. Corp. Sec. Litig.*, 147 F. Supp. 2d 1049, 1054 (D. Colo. 2001) (citing Fed. R. Civ. P. 9(b)); *see also In re Petro-Lewis Sec. Litig.*, 1984 WL 1415, *7 (D. Colo. 1984) (citing *Posner v. Coopers & Lybrand*, 92 F.R.D. 765 (S.D.N.Y. 1981), *aff'd*, 697 F.2d 296 (2d Cir. 1982)). Thus, a plaintiff in such a case must plead "the who, what, when, where, and how of the alleged fraud" or in other words, "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006). In the District of Colorado, this is required regardless of whether the alleged fraud is an active representation or a passive omission. *See Tara Woods Ltd. P'ship v. Fannie Mae*, 731 F. Supp. 2d 1103, 1114 (D. Colo. 2010). The purposes of Rules 8 and 9(b) are "to afford defendant fair notice of plaintiff's claims and the factual ground upon which they are based." *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010).

**IV.    Pro Se Plaintiff's Complaint**

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

Defendants contend that Plaintiff's claims are barred by the *Rooker-Feldman* and/or claim preclusion doctrines, as well as by the applicable statute of limitations. In addition, Defendants argue that Plaintiff fails to state due process claims against them.

"When a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Mounkes v. Conklin,* 922 F. Supp. 1501, 1506 (D. Kan. 1996) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990)). Thus, the Court will begin with an analysis of issues that may affect its jurisdiction over this matter.

## I.     Rooker-Feldman

The *Rooker-Feldman* doctrine is a jurisdictional prohibition, based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "a party losing in state court. . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").

As explained above, federal district and circuit courts are prohibited by this doctrine from reviewing the actions or judgments of state courts. However, the *Rooker-Feldman* doctrine is broader than that statement would imply. It applies both to claims that have been "actually decided by a state court" and those that are "'inextricably intertwined' with a state court judgment." *Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004). "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004) (*overruled in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Harpin v. Oakley Custom Homes, Inc.*, No. 99-1553, 99-1596, 2000 WL 1531819, *2 (10th Cir. 2000) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)).

Here, Plaintiff's claims, both for duress in signing the stipulation in case no. 06CV979 and

for the alleged willful and wanton conduct by Defendants Myers, Salazar, and Stone resulting in a deprivation of his constitutional rights, were explicitly brought and addressed in case no. 07CV1085. (*See* docket #44-2 at 5.)[2] Any consideration of these claims here would certainly equate to appellate style review that is not permitted under the *Rooker-Feldman* doctrine. Consequently, the Court should not address these claims and recommends that they be dismissed.

The Court turns, then, to Plaintiff's remaining claims alleging the statute used to suspend his driver's license is unconstitutional, Defendants perpetrated fraud on the court, and Defendant Mayne breached his fiduciary duties as Boulder County Attorney. As a remedy for these claims, Plaintiff seeks damages in the amount of $25,000,000.00 and an order striking the relevant Colorado statute authorizing the revocation of his license. (Docket #33 at 20.) The Court finds that striking the statute as unconstitutional would implicitly undermine the state court's decision in case no. 07CV1085, because, in that case, Plaintiff alleged willful and wanton conduct by Defendants which constituted, in part, Defendants' use of the statute for their collection attempts in handling Plaintiff's support order and payment. Plaintiff's constitutional challenge here is premised on how the statute was applied to him and, thus, falls within the purview of the *Rooker-Feldman* doctrine. *See Erlandson v. Northglenn Municipal Court*, 528 F.3d 785, 790 (10th Cir. 2008) (general constitutional challenges are not beyond the reach of the *Rooker-Feldman* doctrine when the remedy sought would essentially reverse the state-court judgment).

Additionally, an award of damages for fraud on the court and breach of fiduciary duty arising out of actions taken in the prior cases would certainly call into question the results in those cases, because such an award would implicitly suggest that the manner in which those cases were

---

[2]Analysis under the *Rooker-Feldman* doctrine is jurisdictional in nature and, thus, done pursuant to Fed. R. Civ. P. 12(b)(1), which allows for review of information outside the complaint. *See Rooker*, 263 U.S. 413, 416.

conducted was significantly flawed and their judgments should be voided. As such, Plaintiff's remaining claims are inextricably linked to the prior cases and, thus, are barred by the *Rooker-Feldman* doctrine. The Court respectfully recommends that all of Plaintiff's claims be dismissed.

Because all of the Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, this court has no subject-matter jurisdiction to hear the case. However, should the District Court disagree with this Court's recommendation, and in the interest of performing a full and thorough analysis, the Court will proceed to address Defendants' arguments that Plaintiff's claims may be barred by claim preclusion and, if not, by the applicable statute of limitations.

## II.     Claim Preclusion

"Preclusion doctrines provide affirmative defenses once a court exercises jurisdiction over a civil action, and they are subject to waiver where not timely raised." *Pittsburg Cnty. Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 708, n. 4 (10th Cir. 2004). Here, Defendants timely raise the issue of claim preclusion.

Pursuant to 28 U.S.C. § 1738, the preclusive effect of a state-court decision in federal court is determined by the preclusion law of the state in which the judgment was rendered. *Nichols v. Board of Cnty. Comm'rs*, 506 F.3d 962, 967 (10th Cir. 2007). All of Plaintiff's prior cases took place in Colorado. Under Colorado law, "[c]laim preclusion works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). Thus, to determine whether claim preclusion applies, the court looks at the "(1) finality of the first judgment, (2) [the] identity of [the] subject matter, (3) [the] identity of [the] claims for relief, and (4) [the] identity or privity between [the] parties to the actions." *Id*.

### A.     Finality of the First Judgment

Dismissal of a case based on a decision of the merits of the case constitutes a final judgment and will be given preclusive effect. *See Batterman v. Wells Fargo Ag Credit Corp.*, 802 P.2d 1112, 1118 (Colo. App. 1990); *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992). Thus, "[a] dismissal with prejudice does not circumvent the limitations of res judicata [. . .] The plaintiff is barred from future litigation of the same issues to the same extent as would be the case if he had proceeded to adverse judgment." *Groundwater Appropriators of South Platte River Basin, Inc. v. City of Boulder*, 73 P.3d 22, 25 -26 (Colo. 2003). However, dismissal of a case on preliminary, subsidiary, or technical grounds or for lack of jurisdiction will not be given preclusive effect. *Batterman*, 802 P.2d at 1118 (citing *Saunders v. Bankston*, 506 P.2d 1253 (Colo. App. 1972); C.R.C.P. 41(b)(1)).

The court dismissed case no. 06CV979 with prejudice pursuant to the parties' joint stipulated motion to dismiss, because Plaintiff's debt was paid and the issues raised in the case became moot. (Docket #44-1 at 1.)[3] Case no. 07CV1085 was dismissed with prejudice on the basis of res judicata (or claim preclusion), because Plaintiff's claims arose out of the same series of transactions as those in case no. 06CV979. (Docket #44-2.) Such dismissals touch on the merits of each case and have the same preclusive effect as an adverse judgment. Consequently, the judgments in the previous cases appear to satisfy the first requirement for claim preclusion.

B.    Identity of the Subject Matter

"[T]he question in this context is whether, in the second action, the plaintiff is seeking a remedy against the defendant 'with respect to all or any part of the transaction, or series of

---

[3]"[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

connected transactions, out of which the [first] action arose.'" *Camus v. State Farm Mut. Auto. Ins. Co.*, 151 P.3d 678, 680 (Colo. App. 2006). To determine this, the court looks at "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Salazar v. State Farm Mut. Auto. Ins. Co.*, 148 P.3d 278, 281 (Colo. App. 2006) (quoting Restatement (Second) of Judgments § 24 (1982)).

Here, all of Plaintiff's claims in this and prior cases arise out of Boulder County employees' handling of his support order. This series of transactions would form a convenient trial unit because it involves the same individuals and many of the same questions of fact, such as the validity of the support order and what actions may be taken to collect on that order. As such, there is a similar identity of subject matter and the second element for claim preclusion appears to be satisfied.

C.     Identity of the Claims for Relief

The identity of claims for relief is not determined by the name given to the claim. *Farmers High Line Canal & Reservoir Co. v. City of Golden*, 975 P.2d 189, 199 (Colo. 1999). The "same claim or cause of action requirement is bounded by the injury for which relief is demanded, and not by the legal theory on which the person asserting the claim relies." *Id.* (citing *State Eng'r v. Smith Cattle, Inc.*, 780 P.2d 546, 549 (Colo. 1989)). Consequently, "once judgment is entered in an action it 'extinguishes the plaintiff's claim ... includ[ing] all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Argus Real Estate*, 109 P.3d at 608-609 (Colo. 2005) (citing Restatement (Second) of Judgments § 24). Thus, claim preclusion includes not only those claims made in a prior case, but all of the claims from the same injury that could have been made in that case. *Farmers High Line Canal*, 975 P.2d at 199.

13

Case no. 06CV979 was brought to seek reclassification of Plaintiff's support order. Case no. 07CV1085 was brought for tort damages arising from the defendants' alleged willful and wanton conduct in pursuing Plaintiff's support order and under 42 U.S.C. § 1983 for violations of his civil rights by the defendants while pursuing Plaintiff's support order. Here, Plaintiff brings identical claims to those he pursued in case no. 07CV1085, with the addition of a constitutional challenge to the license statute and claims against Defendant Mayne for his conduct as Boulder County Attorney in case nos. 99JV337, 06CV979, and 07CV1085.

Use of the remedies provided under the license statute in collecting support orders occurred after a support order was entered against Plaintiff in case no. 99JV337, and continued until that case was closed as a result of the settlement reached in case no. 06CV979. There is no indication that this statute was used to aid in collecting child support from Plaintiff after the close of case no. 06CV979. As such, any such claims based upon this statute could have been brought in case no. 07CV1085.

Plaintiff's claims for fraud on the court in the adjudication of case no. 07CV1085 are addressed below (*infra* at 16). Any claims that Plaintiff may have against Pat Mayne for fraud on the court that relate to case nos. 99JV337 and 06CV979 would have arisen out of the same events that were addressed in case nos. 06CV979 and 07CV1085. Consequently, any claims arising out of those two cases could have been brought in either case no. 06CV979 or 07CV1085.

Plaintiff's claims for willful and wanton conduct and violation of his civil rights are identical to his claims in previous cases. Additionally, Plaintiff's other claims arise out of the same events as the claims that he has brought in previous cases. Consequently, there is the same identity of claims in this case as in Plaintiff's prior cases, with the possible exception of Plaintiff's claim for fraud on the court in case no. 07CV1085. Thus, the third element for claim preclusion appears to

be satisfied for the majority of Plaintiff's claims.

          D.       <u>Identity of or Privity of the Parties to the Actions</u>

To assert claim preclusion, Defendants must show that the parties in the second case are the same as or in privity with the parties in the first case. *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999). "Privity between a party and a non-party requires both 'a substantial identity of interests' and a working or functional relationship in which the interests of the non-party are presented and protected by the party in the litigation." *Cruz*, 984 P.2d at 1176. "In analyzing privity for purposes of res judicata, a court should look to the underlying relationship of the parties," and should look to see if there was any "indication ... that the resolution of the previous action [for the defendants] was intended to release [the defendant in the second action] from liability in any later case." *Turkey Creek Ltd. Liability Co. v. Anglo America Consol. Corp.*, 43 P.3d 701, 703 (Colo. App. 2001).

The defendants in case no. 06CV979 were Boulder County Department of Social Services and Colorado Department of Human Services. (Dockets ##44-1, 47-1.) The defendants in case no. 07CV337 were Mary Myers, Nancy Salazar, and Kirby Stone. (Dockets ##44-2, 47-2.) And, the defendants in this case are Pat Mayne, Mary Myers, Nancy Salazar, Kirby Stone, and Boulder County. Defendants Myers, Salazar and Stone have been the same individuals accused of wrongdoing with regard to the Plaintiff's support order in all of the above mentioned cases. Furthermore, these three individuals are all employees of BCCSEU, and both BCCSEU and Boulder County Department of Social Services are divisions of Boulder County. Consequently, Defendants Myers, Salazar, Stone, and Boulder County have certainly had their interests present and protected in the previous cases.

Defendant Mayne, while not a party in the prior cases, was accused of wrongdoing in case

no. 07CV1085.  (Docket #47-2 at 11-13.)  Additionally, Defendant Mayne was an employee of Boulder County which represented all of the defendants in that case through the Boulder County Attorney's office.  Consequently, Defendant Mayne had his interests specifically present and protected in at least one of the prior cases, in addition to the protection that would have been afforded him generally in all cases as an employee of Boulder County.

While not all of the Defendants were named parties in the prior cases, they were all at least in privity with the named parties in the prior cases and, thus, the fourth element for claim preclusion appears to be satisfied.

All four elements of claim preclusion appear to be satisfied with regard to Plaintiff's claims in this case, and thus, Plaintiff's claims, with the possible exception of the alleged fraud on the court in case no. 07CV337, should be dismissed as barred by the preclusion doctrine.

## III.    Fraud On the Court

Plaintiff asserts that claim preclusion is not valid in this case because Defendants have perpetrated a fraud on the court that renders the previous judgments void.  Fraud on the court includes fraudulent acts that impair the impartial functioning of the judicial system and is not the same as fraud between the parties to the litigation.  *See Zurich N. Am. v. Matrix Serv.*, 426 F.3d 1281, 1291 (10th Cir. 2005); *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002).  Fraud on the court is significantly more difficult to prove than fraud between the parties.  *Zurich*, 426 F.3d at 1291.  "The challenged behavior must substantially have interfered with the aggrieved party's ability to fully and fairly prepare for and proceed at trial."  *Id.* at 1290 (internal quotation and citation omitted).  Generally, this includes only intentional egregious conduct such as "bribery of a judge or members of a jury or the fabrication of evidence by an attorney."  *Buck*, 281 F.3d at 1341; *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995).  "Less egregious

misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Weese v. Schukman*, 98 F.3d 542, 553 (10th Cir.1996). Furthermore, all fraud claims are governed by the higher level of specificity required by Fed. R. Civ. P. 9(b).

Plaintiff alleges that the court's decision in case no. 06CV979 came about as a result of fraud on the court. (Docket #33 at 17-18.) In particular, he alleges that Defendant Mayne "provide[d] false statements to the court, withh[e]ld evidence from records, and tried to cover it all by a forced signing of a stipulation." (*Id.*) However, Plaintiff provides no additional information as to what specific false statements were offered or evidence was withheld in case no. 06CV979. Such allegations fall far short of the pleading requirements of Fed. R. Civ. P. 9(b).

Plaintiff also alleges that the court's decision in case no. 07CV1085 came about as a result of fraud on the court. (*Id.* at 17.) The decision in that case was based in part upon the stipulation in case no. 06CV979, which was never entered as an exhibit. (*Id.*) This, Plaintiff alleges, made the court's decision impossible to appeal. (*Id.*) However, the final decision in that case was reached on a motion to dismiss which is based solely on the four corners of the complaint. (*Id.*) Consequently, Defendant Mayne's failure to submit the stipulation as an exhibit does not appear to be improper at all. Furthermore, even if it was improper, such conduct would only equate to the nondisclosure of an allegedly pertinent matter, which is not sufficient to establish fraud on the court.

Plaintiff fails to allege fraud on the court. The previous cases should not be void. Claim preclusion, as discussed above, should apply in this case and Plaintiff's claims, to the extent they are not subject to the *Rooker-Feldman* doctrine, should be dismissed as barred by the preclusion doctrine. In coming to this conclusion, the Court determines that it need not proceed to analyze Defendants' arguments concerning the applicable statute of limitations or failure to state a claim.

## IV.     Leave to Amend

In the present motion, Defendants seek dismissal of Plaintiff's complaint pursuant to both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Should the District Court determine that it retains jurisdiction over this matter, then it is proper to consider granting the Plaintiff leave to amend. Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir.1989). As such, in this jurisdiction, the Court typically does not dismiss a claim under Fed. R. Civ. P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellmon*, 935 F.2d at 1109-10. The Court may dismiss "sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him to amend his complaint would be futile." *Id.* (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)).

Here, this Court believes that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. However, if the District Court disagrees, then this Court finds in the alternative that Plaintiff's complaint fails to state a claim because such claims are barred by claim preclusion. Given the nature of these doctrines, the Plaintiff would not overcome such bars by adding factual allegations or clarifying his claims. Consequently, Plaintiff's complaint is fatally flawed, and Plaintiff should not be granted leave to amend.

## CONCLUSION

Because the Plaintiff's claims are subject to the *Rocker-Feldman* doctrine, the court lacks subject matter jurisdiction over this case. In the alternative, Plaintiff's claims are barred by the doctrine of claim preclusion. Accordingly, this Court recommends that the District Court **grant** Defendants' Motion to Dismiss [filed May 23, 2011; docket #44].

Respectfully submitted at Denver, Colorado, this 2nd day of August, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge