IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-02672-WYD-MEH

JOSEPH RAMEY (PRO SE),

      Plaintiff,

v.

BOULDER COUNTY OF THE STATE OF COLORADO,
PAT MAYNE,
MARY MYERS,
NANCY SALAZAR, and
KIRBY STONE,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on Defendants' Motion to Dismiss filed May 23,

2011.  This motion was referred to Magistrate Judge Hegarty for a recommendation by

Order of Reference dated November 4, 2010 and Memorandum of May 24, 2011.

Magistrate Judge Hegarty issued a Recommendation on August 2, 2011, which is

incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b),

D.C.COLO.LCivR. 72.1.  Magistrate Judge Hegarty recommends therein that the Motion

to Dismiss be granted.

On August 16, 2011, Plaintiff filed a timely Objection which necessitates a *de*

*novo* determination as to those specified proposed findings or recommendations to

which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P.

72(b); 28 U.S.C. § 636(b)(1).  A response was filed to the Objection on August 23, 2011, and a reply was filed on September 6, 2011.[1]  "In order to conduct a *de novo* review a court 'should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination.'"  *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967) (internal quotation marks omitted)).  While the court may place whatever reliance on the magistrate judge's "recommendation its merit justifies, the court must review the record in light of its own independent judgment."  *Id.*

By way of background, and as described in more detail in the Recommendation, Plaintiff was involved in a paternity case in Boulder County wherein he alleges he was subjected to wrongful arrearage amounts concerning child support.  The Amended Complaint alleges that when Plaintiff tried to correct the amounts due, he became the subject of willful and wanton actions by Defendants Mary Myers, Nancy Salazar, and Kirby Stone, employees of the Boulder County Child Support Enforcement Unit ("BCCSEU").  He brought suit in Boulder County District Court, Case No. 06CV979, for inappropriate classification of his child support arrearage debt.  That case was dismissed with prejudice after Plaintiff signed a stipulation provided to him by Boulder County Attorney Pat Mayne that was a settlement of the amount owing.  Plaintiff claims that he signed this stipulation under duress.

---

[1]  Plaintiff did not seek leave to file this reply.  Nonetheless, I will consider it in connection with Plaintiff's Objections.

Subsequently, Plaintiff filed another lawsuit in Boulder County District Court, Case No. 07CV1085, against Mary Myers, Nancy Salazar, and Kirby Stone for tort damages and violations of his civil rights under 42 U.S.C. § 1983 arising from their alleged willful and wanton actions.  These claims were dismissed under the doctrine of res judicata (or claim preclusion) and his duress claim was dismissed for failure to state a claim upon which relief can be granted.  The Colorado Court of Appeals affirmed the district court's decision.  Plaintiff's writ of certiorari was denied by the Colorado Supreme Court.

Plaintiff then filed this suit.  He alleges in the Amended Complaint that he was denied access to the appellate courts by "fraud upon the court" because Defendant Pat Mayne purposefully withheld evidence.  (Am. Compl. at 4, 15.)  Plaintiff also alleges that Mr. Mayne "provide[d] false statements to the court" and "tried to cover it all by a forced signing of a stipulation" and that he breached his fiduciary duties as Boulder County Attorney.  (*Id.* at 16.)  Plaintiff asserts two claims in this suit.  First, he asserts that the suspension of his driver's license for failure to pay child support amounted to a restriction on his ability to travel on public highways and violated his due process rights.  Second, Plaintiff asserts that Defendants willfully and wantonly violated his equal protection and/or due process rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

Magistrate Judge Hegarty found in the Recommendation that Plaintiff's claims for duress in signing the stipulation in Boulder County District Court and for the alleged willful and wanton conduct by Myers, Salazar, and Stone resulting in a deprivation of his

constitutional rights were brought and addressed in Case No. 07CV1085.

(Recommendation at 9-10.)  Accordingly, he found that these claims should be

dismissed because consideration of the claims in this court would equate to appellate

style review that is not permitted under the *Rooker-Feldman* doctrine.  (*Id.*) (citing

*Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462 (1983)).

As to Plaintiff's remaining claims, Magistrate Judge Hegarty found that striking

the Colorado statute authorizing the revocation of his license as unconstitutional would

implicitly undermine the state court's decision in Case No. 07CV1085 because Plaintiff

had implicated the statute in that case in connection with the alleged willful and wanton

conduct by Defendants.  (Recommendation at 10.)  Accordingly, he found that claim

also falls within the purview of the *Rooker-Feldman* doctrine.  (*Id.*)  Magistrate Judge

Hegarty further found that the remaining claims for an award of damages for fraud on

the court and breach of fiduciary duty are inextricably linked to the prior cases and also

barred by that doctrine.  (*Id.* at 10-11.)  Since he found that all of the claims were barred

by the *Rooker-Feldman* doctrine, Magistrate Judge Hegarty recommended that the

Court dismiss Plaintiff's claims for lack of subject-matter jurisdiction.  (*Id.* at 11.)

Magistrate Judge Hegarty also found that all four elements of claim preclusion

were satisfied with regard to Plaintiff's claims in this case, and that Plaintiff's claims,

with the possible exception of the alleged fraud on the court in Case No. 07CV337,

should be dismissed as barred by the preclusion doctrine.  (Recommendation at 12-16.)

Finally, he found that Plaintiff failed to adequately plead any facts sufficient to

demonstrate that either of the two underlying state court judgments were procured as the result of fraud on the court.  (*Id*. at 17.)

Plaintiff's Objection asserts as to his duress claim that this was a result of a fraud on the court and is thus not barred by the *Rooker-Feldman* doctrine.  He contends that the alleged fraud on the court renders the prior state court judgments null and void.  I overrule this objection, as I agree with Magistrate Judge Hegarty's finding in the Recommendation that Plaintiff's Amended Complaint did not plead facts sufficient to demonstrate fraud on the court.  Plaintiff has not corrected that deficiency in his Objections.

Plaintiff also asserts in his Objection that the complaint is only notice of a claim and that the Boulder County District Court in Case No. 07 CV-1085 could not dismiss the duress claim from the complaint alone, without evidence to support its dismissal. This is not accurate, as a complaint may be dismissed under Colo. R. Civ. P. 12 even without the presentation of evidence.  Indeed, the Boulder Court properly noted in its order dismissing the case that a complaint may be dismissed under Rule 12 for failure to state a claim upon which relief can be granted.  (Ex. A-2 at 2, Defs.' Mot. to Dismiss.)

Plaintiff also argues that the Boulder County District Court improperly dismissed the duress claim on grounds of res judicata, arguing that this was error as the duress claim was not ripe.  I overrule this objection, as the Boulder Court did not dismiss the duress claim on that ground.  Instead, it found that Plaintiff alleged no facts which supported a conclusion that he was threatened by force, as required to state a duress claim.  (Ex. A-2 at 4, Def.'s Mot. to Dismiss.)  This Court cannot act as an appellate

court as to this issue under the *Rooker-Feldman* doctrine.  Further, since Plaintiff

asserted the duress claim in the Boulder County District Court, it is barred from

assertion in this case under the doctrine of res judicata or claim preclusion.  Plaintiff has

shown no error in connection with that finding in the Recommendation.

I also find no merit to Plaintiff's argument that the opinion of the Boulder court

regarding the duress claim was "perverted" because the court made the ruling in

violation of case or statutory law, that his case was not given the same consideration as

other cases, that the judge did not perform his judicial function or was improperly

influenced in the case, and/or that this was a custom for both the Boulder courts and the

BCCSEU.  (Pl.'s Mot. For Dist. Ct. To Review Magistrate's Recommendation and Pl.'s

Objection at 2-4.)  I also overrule Plaintiff's objection that the Boulder Court incorrectly

found that his claim asserting willful and wanton actions of BCCSEU employees was

barred by the doctrine of claim preclusion because it did not exist at the time of the first

case.  Again, this court cannot act as an appellate court in regard to the state court's

actions.

I now turn to Plaintiff's objection to Magistrate Judge Hegarty's recommendation

that a ruling on the constitutional challenge to the state statute would effectively act as

an appellate review of the state court's ruling.  Plaintiff asserts that this ruling is error as

the constitutional challenge was never raised before.  I overrule Plaintiff's objection.

Regardless of whether the *Rooker-Feldman* doctrine bars that claim, *i.e.*, whether this

court would implicitly be acting as an appellate court in regard to this claim, it is

undisputed that Plaintiff could have raised this constitutional claim in the Boulder County

District Court and did not do so.  Accordingly, Magistrate Judge Hegarty correctly found

that this claim is barred by the doctrine of res judicata, which bars all claims that were or

*could have been* brought in a prior action.  *Rantz v. Kaufman*, 109 P.3d 132, 138 (Colo.

2005).  The fact that Plaintiff only recently discovered the unconstitutionality of the law

he is challenging is not a basis to avoid application of the res judicata doctrine.

Finally, although Magistrate Judge Hegarty did not address Defendants'

argument that Plaintiff's claims are time-barred pursuant to the applicable statutes of

limitations, I find that the Recommendation to dismiss the case can be affirmed on this

additional basis.  *Shroff v. Spellman*, 604 F.3d 1179, 1187 n.4 (10th Cir. 2010) (a

decision may be affirmed "on any grounds for which there is a record sufficient to permit

conclusions of law, even grounds not relied upon" by the magistrate judge").  In

Colorado, tort actions are generally subject to a two-year statute of limitations which

begins to accrue when the plaintiff knew or reasonably should have known of the injury

alleged.  C.R.S. § 13-80-102(1)(a).  Actions against public or governmental entities

or employees thereof are also generally subject to a two year statute of limitations, *id.*,

§ 13-80-102(1)(h), as are Section 1983 actions.  *Id.*, § 13-80-102(1)(g).

In this case, Plaintiff's claims focus on Defendants' conduct in handling the 1999

child support enforcement action brought against him.  The allegations set forth in

Plaintiff's Amended Complaint show that the acts or omissions about which Plaintiff

complains took place between 2000 and 2006.  Since this case was not filed until

November 2, 2010, the claims are time-barred by the above statutes of limitation.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge (ECF

No. 57 filed August 2, 2011) is **AFFIRMED AND ADOPTED**.  Plaintiff's Objections (ECF

No. 58) are **OVERRULED**.  In accordance with the Recommendation, it is

ORDERED that Defendants' Motion to Dismiss (ECF No. 44 filed May 23, 2011)

is **GRANTED**, and the case is **DISMISSED**.

Dated:  January 12, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge